Population Planning Assoc. v. Mews

POPULATION PLANNING ASSOCIATES, INC. v. LINDA MEWS AND ROMEO, INC.

No. 8215SC1145

(Filed 15 November 1983)

**1. Judgments § 10— breach of consent judgment—jury question**

A jury question was presented as to whether defendants breached a consent judgment by using an old Carrboro post office box address in magazine advertising for their mail order business after June 1980 where the judgment required defendants to use a Chapel Hill rather than a Carrboro address in their magazine advertising after June 1980, plaintiffs presented evidence that defendants sent orders for advertisements to be "picked-up" and reused by publications after June 1980, and defendants presented evidence that advertisements with the old address were published after June 1980 due to publisher error. However, the evidence was insufficient to be submitted to the jury on the issue of defendants' willful violation of the consent judgment.

**2. Unfair Competition § 1— use of address similar to competitor's—no unfair trade practice**

The use of an address which is similar to a competitor's address is not equivalent to "passing-off" one's goods as those of the competitor and does not constitute an unfair trade practice within the purview of G.S. 75-1.1 *et seq.*

**3. Evidence § 41— opinion testimony—invasion of province of jury**

The trial court properly refused to permit plaintiff's president to state his opinion as to the amount of damages suffered by plaintiff's mail order business as the result of defendants' use of its old mailing address in magazine advertising in breach of a consent judgment since the amount of damages was the ultimate issue to be determined by the jury, and the witness could only give factual testimony from which the jury could arrive at the amount of damages.

**4. Rules of Civil Procedure § 70— damages for breach of consent judgment—Rule 70 motion inappropriate**

Where plaintiff's complaint stated a claim for damages for breach of a consent judgment which required a specific act, a G.S. 1A-1, Rule 70 motion to enforce the consent judgment by an order that the act be performed by "another party appointed by the judge" would not be appropriate.

APPEAL by plaintiff from *Martin (John C.), Judge.* Judgment entered 4 June 1982 in Superior Court, ORANGE County. Heard in the Court of Appeals 22 September 1983.

Before June of 1978, Linda Mews was Vice President and General Manager of Population Planning Associates, Inc., doing business as Adam & Eve. In that capacity, she supervised Adam & Eve's advertising in various publications. Adam & Eve, a mail

order business, had used the following address in their adver-
tisements for eight years: P.O. Box *400*, Carrboro, North Carolina
27510.

On 7 June 1978, Mews left the employment of Population
Planning Associates, Inc. On 20 June 1978, she formed a North
Carolina corporation, Romeo, Inc. On 28 June 1978, Romeo, Inc.,
began operating a mail order business which sold essentially the
same products as Adam & Eve. The address that Romeo, Inc.
used in its advertisements was: P.O. Box *200*, Carrboro, North
Carolina 27510. Romeo, Inc. and Adam & Eve advertised in many
of the same magazines.

In August of 1978, Population Planning Associates instituted
a lawsuit against Mews and Romeo, Inc., concerning, *inter alia*,
the use of the similar Carrboro address in Romeo, Inc.'s adver-
tisements. The lawsuit was settled through a consent judgment
on 18 February 1980. The consent judgment required Romeo, Inc.
to secure and utilize a Chapel Hill Post Office box address for all
advertisements in *Playgirl*, *Penthouse*, and *Oui* magazines begin-
ning with the June 1980 issues and in all other consumer publica-
tions beginning with the July 1980 issues. These deadlines
allowed for the required lead time for placing or changing adver-
tisements in the magazines.

Subsequent to June 1980, advertisements for Romeo ap-
peared in both *Playgirl* and *Penthouse* with the Carrboro address.
On 22 December 1980, Population Planning Associates filed a com-
plaint against Mews and Romeo, Inc., alleging breach of the con-
sent judgment, willful violation of the consent judgment, fraud in
cashing checks made payable to plaintiff, failure to send
misdirected mail to plaintiff, and unfair and deceptive trade prac-
tices in violation of G.S. 75-1.1 *et seq.* Plaintiff alleged damages of
$7,000.00.

On 1 June 1982, the trial court granted defendants' Rule
12(b)(6) motion to dismiss the third and fourth claims for relief
(fraud in cashing plaintiff's checks and failure to redirect
plaintiff's mail) for failure to state a claim for relief. Their Rule
12(b)(6) motion was denied with respect to the first, second and
fifth claims for relief (breach of the consent judgment, willful
violation of the consent judgment, and unfair trade practices). The
case was tried before a jury. At the close of the plaintiff's

evidence, the trial judge granted defendants' motion for directed verdict as to all remaining claims.

From this judgment, plaintiff appeals. Defendant cross-appeals the trial court's denial of defendants' Rule 12(b)(6) motion with respect to plaintiff's first, second and fifth claims for relief.

*Manning, Osborn & Frankstone, by J. Kirk Osborn, for plaintiff-appellant.*

*Haywood, Denny. & Miller, by George W. Miller, Jr., for defendant-appellees.*

EAGLES, Judge.

Plaintiff's first assignment of error is that the trial court erred at the end of all the evidence when it granted defendants' motion to dismiss plaintiff's first (breach of the consent judgment), second (willful violation of the consent judgment), and fifth (unfair trade practices) claims for relief. In considering defendants' motion for a directed verdict pursuant to Rule 50 of the Rules of Civil Procedure, the question presented is whether all the evidence which supports plaintiff's claim, when taken as true, considered in the light most favorable to plaintiff and given the benefit of every reasonable inference in the plaintiff's favor which may be legitimately drawn therefrom, is sufficient for submission to the jury. *Tripp v. Pate*, 49 N.C. App. 329, 271 S.E. 2d 407 (1980). A directed verdict motion by defendants may be granted only if the evidence is insufficient, as a matter of law, to justify a verdict for plaintiff. *Arnold v. Sharpe*, 296 N.C. 533, 251 S.E. 2d 452 (1979).

[1] Plaintiff's first claim for relief alleges that defendants breached the consent order by using the old Carrboro post office box designation in advertising after June 1980. Plaintiff's evidence showed that defendants published 12 advertisements in various publications that were in violation of the consent judgment, that defendants had requested publications to "pick up" and reuse advertisements that had used the old Carrboro address for Romeo, Inc. instead of preparing and submitting to the publications new advertisements on which the new address was printed, and that defendants sent insertion orders for advertisements with the old address to be "picked up" and reused by

publications after June 1980. Through cross examination, defendants presented evidence showing that advertisements with the old address were published after June 1980 due to publisher error. This presents a factual dispute as to whether defendants complied with the consent judgment. A verdict may not be directed when the facts are in dispute, and the credibility of testimony is for the jury, not the trial judge. *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971). Here, there was a question of fact to be determined by the jury, and we hold that the directed verdict as to the first claim for relief was improperly granted.

Plaintiff's second claim for relief alleges that defendants willfully violated the consent judgment. Although plaintiff's evidence tends to show a violation of the consent judgment by publication of Romeo, Inc. advertisements with the old Carrboro address, there was no evidence presented to indicate that defendants acted willfully. The evidence shows that defendants' insertion orders for advertisements with the old address to be "picked up" and reused by publications after June 1980 were mailed after defendants had already informed those publishers that the Carrboro address was not to be used in any future ads. Because there was no evidence that defendants willfully violated the consent judgment, we hold that the directed verdict as to the second claim was properly granted.

[2]   Plaintiff's fifth claim for relief alleges that defendants' violation of the consent judgment constituted an unfair trade practice in violation of G.S. 75-1.1 *et seq.* We find no merit in plaintiff's contention that use of an address that is similar to a competitor's address is equivalent to "passing off" one's goods as those of a competitor and constitutes an unfair trade practice. We find that plaintiff introduced no evidence that defendants published false or misleading advertisements so as to perpetrate an unfair or deceptive act or practice or an unfair method of competition within the meaning of G.S. 75-1.1 *et seq. See, Harrington Mfg. Co. v. Powell Mfg. Co.,* 38 N.C. App. 393, 248 S.E. 2d 739 (1978), *rev. and cert. denied,* 296 N.C. 411, 251 S.E. 2d 469 (1979). The directed verdict as to the fifth claim was properly granted.

[3]   Plaintiff's final assignment of error is that the trial court erred in sustaining defendants' objections to opinion testimony by Phil Harvey, the President of Adam & Eve and of another mail

order firm, as to the amount of damages to the plaintiff as a result of the publication of defendants' advertisements with the old Carrboro address. Opinion evidence is not generally admissible if, in lieu of stating his conclusion, the witness can relate the facts so that the jury will have an adequate understanding of them and if the jury is as well qualified as the witness to draw inferences and conclusions from the facts. 1 Brandis, N.C. Evidence § 124 (2d rev. ed. 1982). Here, plaintiff questioned Harvey on his familiarity with mail order marketing and then asked his opinion as to plaintiff's damages as a result of the publication of defendants' advertisements with the old Carrboro address. Defendants' objections to Harvey giving his conclusory opinion as to the amount of damages were properly sustained. Here the amount of damages is the ultimate issue to be determined by the jury. *See, Lowe v. Hall,* 227 N.C. 541, 42 S.E. 2d 670 (1947). Harvey's testimony was properly restricted to offering factual testimony from which the jury could arrive at an amount of damages. See, 1 Brandis, N.C. Evidence § 126 n. 62 (2d rev. ed. 1982).

[4] Defendants cross-assign as error the trial court's denial of defendants' Rule 12(b)(6) motion with respect to plaintiff's first, second and fifth claims for relief. Defendants contend that the appropriate relief from noncompliance with a consent judgment is a proceeding pursuant to Rule 70, N.C. R. Civ. P. Rule 70 empowers the court to enforce a judgment that requires performance of a "specific act" by ordering that the act be done by "another party appointed by the judge." A motion pursuant to Rule 70 would be proper here if plaintiff simply wanted specific performance. Here, plaintiff alleged damages as a result of noncompliance, and where damages are alleged because of noncompliance with a consent judgment, a Rule 70 motion is inappropriate. The present lawsuit is the appropriate avenue by which plaintiff may seek relief.

The denial of the motion to dismiss plaintiff's claims merely served to allow the action to be tried. No final judgment was involved at that point, and defendant was not deprived of any substantial right which could not be protected by timely appeal from the trial court's ultimate disposition of the case. An adverse ruling on a Rule 12(b)(6) motion is in most cases an interlocutory order from which no direct appeal can be taken. *State, Child Day-Care Licensing Comm'n v. Fayetteville Street Christian School,* 299 N.C. 351, 261 S.E. 2d 908, *appeal dismissed,* 449 U.S. 807, 101

S.Ct. 55, 66 L.Ed. 2d 11 (1980). Because we uphold the directed verdict granted against plaintiff in the second and fifth claims for relief, we need not address the denial of the Rule 12(b)(6) motions as to these claims. As to the first claim, the allegations of the complaint must be taken as true, and on that basis the court must decide as a matter of law whether the allegations state a claim for which relief may be granted. See *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). We hold that the allegations of plaintiff's first claim of action state a valid claim for breach of the consent judgment, and we therefore uphold the trial court's denial of defendants' Rule 12(b)(6) motion as to that claim.

Directed verdict is reversed and new trial is ordered as to plaintiff's first claim for relief.

Judges ARNOLD and WELLS concur.