IN RE: ADOPTION OF JOSHUA NEAL SEARLE

No. 8626SC70

(Filed 5 August 1986)

**Parent and Child § 1.6— termination of parental rights—sufficiency of evidence**
    In a proceeding to have a minor declared abandoned by his natural father, the trial court did not err in denying respondent's motions for directed verdict and for judgment n.o.v. where the action was commenced on 15 November 1983; respondent's behavior between 15 May 1983 and 15 November 1983 was determinative; respondent had no contact with the minor child between 21 January 1981 and 2 August 1983, nor did he provide any maintenance or support; on 31 July 1983, petitioner telephoned respondent and stated that he wished to adopt respondent's minor son; after respondent consulted his attorney on 2 August 1983, the child's mother received $500 in support money

from respondent; respondent sent no support checks in September, October or November of 1983; and it was a question for the jury as to whether the sending of the money was inconsistent with a willful intent to abandon or whether the sending of the money was too little, too late.

APPEAL by respondent from *Griffin, Judge.* Judgment entered 21 August 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 4 June 1986.

Joshua Neal Searle, a minor, is the only child born of the marriage between Susan Brewster, wife of petitioner James Brewster, and respondent Frederick Leon Searle. On 15 November 1983, petitioner commenced a special proceeding to have the minor declared abandoned by his natural father.

A hearing was held on the alleged abandonment, and at the close of the evidence, the following issue was submitted to the jury and answered as indicated:

Did Respondent, Frederick L. Searle, abandon Joshua Neal Searle for at least six consecutive months immediately before November 15, 1983?

ANSWER: Yes.

Respondent's motions for directed verdict, made at the close of petitioner's evidence and at the close of all evidence, and for judgment n.o.v. were denied by the court. The court entered judgment on the jury's verdict that respondent had abandoned his son. Respondent appealed.

*Casstevens, Hanner, Gunter and Gordon, P.A., by Robert P. Hanner, II, and W. David Thurman for petitioner-appellee.*

*Ronald Williams, P.A., for respondent-appellant.*

PARKER, Judge.

Respondent's first contention on this appeal is that the trial court erred in denying his motions for directed verdict and for judgment n.o.v. because the evidence, when considered in the light most favorable to petitioner, failed to establish a willful abandonment. We disagree.

Prior to 1 October 1985, two procedures were available to enable a petitioning party to adopt a minor child without the con-

sent of the opposing biological parent. First, under G.S. 7A-289.32, a court could terminate the parental rights of a biological parent upon a finding of one of the grounds enumerated therein. Pursuant to G.S. 48-5, once a district court had entered an order terminating the parental rights of a biological parent, that parent was no longer a necessary party to an adoption proceeding.

Second, the court, upon proper motion, was authorized to hold a hearing "to determine whether an abandonment as defined in G.S. 48-2(1)a and (1)b ha[d] taken place." G.S. 48-5(d). However, effective 1 October 1985, these proceedings were merged into one termination of parental rights proceeding under G.S. 7A-289.32(8) to ascertain whether "[t]he parent has willfully abandoned the child for at least six consecutive months immediately preceding the filing of the petition."

In the case *sub judice*, the action was commenced on 15 November 1983, and the judgment was entered on 21 August 1985. Because both of these dates occurred prior to the effective date of the amendment, we must examine this case in light of the statute as it existed prior to the new amendment.

General Statute 48-2(1)a provided in pertinent part:

For the purpose of this Chapter, an "abandoned child" shall be any child who has been willfully abandoned at least six consecutive months immediately preceding institution of an action or proceeding to declare the child to be an abandoned child.

Abandonment implies conduct on the part of the parent which manifests a willful determination to forego all parental duties and relinquish all parental claims to the child. *Pratt v. Bishop*, 257 N.C. 486, 126 S.E. 2d 597 (1962). The word "willful" encompasses more than an intention to do a thing; there must also be purpose and deliberation. *In re Clark v. Jones*, 67 N.C. App. 516, 313 S.E. 2d 284, *disc. rev. denied*, 311 N.C. 756, 321 S.E. 2d 128 (1984).

A motion for judgment notwithstanding the verdict like a motion for directed verdict, tests the sufficiency of the evidence to go to the jury, and the applicable standard is the same for both motions. The court must view the evidence in the light most favorable to the nonmovant, giving him the benefit of every infer-

In re Adoption of Searle

ence that could reasonably be drawn from the evidence. *West v. Slick*, 313 N.C. 33, 326 S.E. 2d 601 (1985). If there are conflicts in the evidence permitting different inferences, a directed verdict is improper because the credibility of the testimony is for the jury, not the trial judge. *Population Planning Associates v. Mews*, 65 N.C. App. 96, 308 S.E. 2d 739 (1983).

Under this standard, petitioner's evidence was sufficient to show that respondent willfully abandoned his minor child. The relevant time period under G.S. 48-2(1)a is "at least six consecutive months immediately preceding institution" of an abandonment action. Since this action was commenced on 15 November 1983, respondent's behavior between 15 May 1983 and 15 November 1983 is determinative. Respondent had no contact with the minor child between 21 January 1981 and 2 August 1983, nor did he provide any maintenance or support. On 31 July 1983, petitioner telephoned respondent and stated that he wished to adopt respondent's minor son. After respondent consulted his attorney on 2 August 1983, Mrs. Brewster received $500.00 in support money from respondent. Respondent sent no support checks to Mrs. Brewster in September, October or November of 1983.

Whether a biological parent has a willful intent to abandon his child is a question of fact to be determined from the evidence. *Pratt, supra.* As this Court stated in *In re Cardo*, 41 N.C. App. 503, 506, 255 S.E. 2d 440, 442 (1979), "[l]egal abandonment . . . is not a transitory concept that may be recessed at the whim of the transgressor." In our view, a directed verdict would have been inappropriate in this case because a reasonable jury could have decided that the sending of this money was inconsistent with a willful intent to abandon, or it could have decided that the sending of this support money was too little, too late. This jury apparently reached the latter conclusion. That either conclusion was supportable by the evidence demonstrates the inappropriateness of a directed verdict or judgment notwithstanding the verdict in respondent's favor.

We are not persuaded by respondent's arguments that he could not visit the child because (i) he was incarcerated until 30 July 1982, or (ii) a prior custody order denied him visitation privileges. Respondent had been released from prison for over one year before he sent any support money, and respondent ad-

mitted in his testimony that the custody order did not prevent him from supporting, calling or corresponding with the child. The assignment of error is overruled.

Next, respondent contends the court erred in refusing to admit into evidence the Mecklenburg Child Support Guidelines on the issue of whether his $500.00 support contribution was adequate. His argument is that his gross earnings during the six months next preceding 15 November 1983 were $1175.00, and that his $500.00 child support payment substantially exceeded the amount suggested by the guideline. This argument is meritless because (i) respondent did not request the court to admit the guideline into evidence, but rather requested the court to take judicial notice of the guideline, and (ii) the guideline was dated 11 June 1984, which was clearly irrelevant to the critical time interval between 15 May 1983 through 15 November 1983. The assignment of error is overruled.

Finally, respondent attempts to assert for the first time on this appeal that this termination proceeding violated the minor child's due process rights under the state and federal constitutions. Appellate courts in this state will not consider constitutional arguments which were not raised and ruled upon at the trial level. *Powe v. Odell*, 312 N.C. 410, 322 S.E. 2d 762 (1984).

No error.

Judges PHILLIPS and MARTIN concur.