IN RE: K.M.F., J.K.F., Minor Children.
No. COA09-613.
Court of Appeals of North Carolina.
Filed December 22, 2009.
This case not for publication
No brief filed on behalf of petitioner-appellee father.
Mercedes O. Chut for respondent-appellant mother.
ROBERT C. HUNTER, Judge.
Respondent-mother Sarah H. appeals the trial court's orders terminating her parental rights with respect to her two sons, K.M.F. ("Kevin") and J.K.F. ("Joe").[1] We agree with respondent-mother's contention that there is insufficient evidence to support the trial court's findings in the adjudication portion of its orders that respondent-mother willfully abandoned Kevin and Joe. Consequently, we reverse the trial court's orders and remand for further proceedings.

Facts
Petitioner-father Michael F. and respondent-mother were married in August 2001 in West Virginia and had their first son, Kevin, in July 2002 and their second son, Joe, in June 2004. The couple separated in February 2005 and petitioner-father moved to North Carolina just before Christmas in 2005. The couple's divorce was finalized in May 2006, the West Virginia court awarded petitioner-father primary custody of the children, and that same month he moved the children to North Carolina. After moving to North Carolina, petitioner-father married Jodie F. and Kevin and Joe now live with them in Salisbury, North Carolina.
In the divorce decree, respondent-mother was awarded monthly visitation supervised by her grandparents ("the Lances") at their house in West Virginia. The Lances moved to North Carolina in June 2006 to be closer to Kevin and Joe. Sometime around June 2007, respondent-mother also moved to North Carolina and got a job working at Pfeiffer College. Although the timing is uncertain, sometime in August 2008 respondent-mother moved to Leesburg, Virginia. Under the terms of the divorce decree, respondent-mother was ordered to pay monthly child support to petitioner-father. Petitioner-father has not received a child support payment from respondent-mother since March 2007.
On 28 October 2008, petitioner-father filed petitions to terminate respondent-mother's parental rights with respect to Kevin and Joe, alleging that she had willfully abandoned them and that she had willfully failed to pay for their care, support, and education. Factually, petitioner-father alleged that respondent-mother had failed to pay child support for at least six months preceding the petitions; that she had not exercised visitation rights for a period of three years and left the children with their great-grandparents; that she made no efforts to call the children; and that she had not bought the children birthday or Christmas gifts for the preceding two years. Respondent-mother filed answers to the petitions, generally denying the existence of grounds for terminating her parental rights.
The trial court began termination proceedings on 8 January 2009, but respondent-mother did not attend. According to her trial counsel, respondent-mother had been in an automobile accident and was unable to make the six-hour drive from Leesburg, Virginia. The trial court continued the proceedings until the next day to allow respondent-mother to submit adequate medical documentation explaining why she was unable to personally attend. On 9 January 2009, respondent-mother's attorney asked the trial court to continue the proceedings again so that respondent-mother could attend. The trial court denied the motion and permitted petitioner-father to present evidence. Both petitioner-father and Jodie F. testified during the adjudication stage of the hearing. Although they testified that respondent-mother had not had any contact with her children since October 2007, Jodie F. also testified that respondent-mother had in fact gone to an individualized education program for Kevin in June 2008.
After petitioner-father presented his evidence, respondent-mother's attorney notified the court that his office had received a fax from the medical center in Virginia providing more details regarding respondent-mother's condition. Respondent-mother's attorney moved again for a continuance based on the new information, and, after respondent-mother declined to testify over the telephone, the trial court continued the hearing until 9 February 2009 to provide respondent-mother an opportunity to present evidence.
The termination hearing was reconvened on 9 February 2009 and respondent-mother failed to appear. Her trial counsel stated that he had not had any contact with her since the previous court date on 9 January 2009 and that he could not explain her absence. Her attorney asked for another continuance, which the trial court denied. Respondent-mother's trial counsel did not present any evidence.
In orders entered 13 March 2009, the trial court found one ground for terminating respondent-mother's parental rights: that she had willfully abandoned Kevin and Joe as defined by N.C. Gen. Stat. § 7B-1111(a)(7) (2007). In the disposition portion of the orders, the trial court concluded that termination of respondent-mother's parental rights was in the best interests of the children. Respondent-mother timely appealed to this Court.

Discussion
Proceedings to terminate parental rights are conducted in two parts: (1) the adjudication stage, governed by N.C. Gen. Stat. § 7B-1109 (2007), and (2) the disposition stage, governed by N.C. Gen. Stat. § 7B-1110 (2007). In re Blackburn, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). In the adjudicatory stage, the trial court must determine whether the petitioner has established through clear, cogent, and convincing evidence the existence of at least one ground for the termination of parental rights enumerated in N.C. Gen. Stat. § 7B-1111. Blackburn, 142 N.C. App. at 610, 543 S.E.2d at 908. The standard of review in termination of parental rights cases is whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether the court's findings of fact support its conclusions of law. In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), appeal dismissed and disc. review denied, 353 N.C. 374, 547 S.E.2d 9 (2001).
If one or more of the specific grounds listed in N.C. Gen. Stat. § 7B-1111 are established, the trial court then moves to the disposition phase to determine whether termination of parental rights is in the best interests of the child. Huff, 140 N.C. App. at 290-91, 536 S.E.2d at 840. The trial court's decision to terminate parental rights is reviewed on appeal for abuse of discretion. In re Anderson, 151 N.C. App. 94, 98, 564 S.E.2d 599, 602 (2002). A trial court may be reversed for abuse of discretion only upon a showing that the challenged action is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision. White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).
On appeal, respondent-mother challenges only the adjudicatory portions of the trial court's orders. She first argues that there is insufficient evidence in the record to support the trial court's determination that she willfully abandoned her children. N.C. Gen. Stat. § 7B-1111(a)(7), authorizes the trial court to terminate parental rights upon a finding that "[t]he parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition or motion" for termination. "Whether a biological parent has a willful intent to abandon his [or her] child is a question of fact to be determined from the evidence." In re Adoption of Searle, 82 N.C. App. 273, 276, 346 S.E.2d 511, 514 (1986). "Abandon[ment]" under the statute "implies conduct on the part of the parent which manifests a willful determination to forego all parental duties and relinquish all parental claims to the child. The word `willful' encompasses more than an intention to do a thing; there must also be purpose and deliberation." Id. at 275, 346 S.E.2d at 514 (internal citation omitted). Willful abandonment may be established where the parent withholds his or her presence, love, care, opportunity to display filial affection, and willfully neglects to lend support and maintenance. Pratt v. Bishop, 257 N.C. 486, 501, 126 S.E.2d 597, 608 (1962).
Because petitioner-father filed his petitions to terminate respondent-mother's parental rights on 28 October 2008, the relevant time period under N.C. Gen. Stat. § 7B-1111(a)(7) for considering whether she "abandoned" Kevin and Joe is 28 May 2008 to 28 October 2008. The trial court's only findings pertinent to the issue of abandonment provide:
7. That the Respondent has not visited with the minor child[ren] since Respondent moved to North Carolina in July, 2007. That Respondent has not called, participated or in any way acknowledged the birthday[s] of the minor child[ren] and has sent no birthday cards, Christmas gifts and has completely withdrawn her love and affection from the minor child[ren].
8. That the Court finds that the following ground exists to terminate the parental rights of the Respondent pursuant to N.C.G.S. §7B-1111(7) [sic]: that the Respondent has willfully abandoned the child[ren] for at least six consecutive months immediately preceding the filing of th[ese] petition[s].[2]
The trial court found that respondent-mother had not visited with the children since she "moved to North Carolina in July, 2007." This statement implies that respondent-mother had no contact with the children either during the 14 months she lived in North Carolina or after she moved to Virginia. This portion of the the finding ignores Jodie F.'s testimony that she saw respondent-mother at Kevin's school event in June 2008  an event that occurred within the six months prior to the petitions being filed.
Moreover, both petitioner-father's and Jodie F.'s testimony indicate that respondent-mother may have visited Kevin and Joe while they were staying with the Lances. Petitioner-father and Jodie F. acknowledged on cross-examination that they were testifying only as to their first-hand experiences. Indeed, when asked, "So, you don't know whether [respondent-mother] is either able to visit or able to pay support," petitioner-father answered: "That is correct." After testifying that "no contact has occurred" since October 2007, petitioner-father clarified that "contact with me has not occurred." Jodie F. similarly stated that "[t]he only thing I know first hand is that [respondent-mother]'s not been to our home nor called our phone."
The guardian ad litem's ("GAL") report, which was incorporated by reference into the trial court's orders, indicates that respondent-mother has "dropped in twice" to visit her children at the Lances since the January court dates. We conclude, therefore, that this portion of the trial court's finding is not supported by the evidence presented at the hearing.
The trial court's finding of fact 7 also states that respondent-mother has not "called, participated or in any way acknowledged the birthday[s] of the minor child[ren] and has sent no birthday cards[ or] Christmas gifts . . . ." Although petitioner-father made this allegation in his petitions, neither he nor Jodie F. testified about whether respondent-mother gave Kevin or Joe birthday cards or Christmas gifts. Nor is there any indication in the incorporated GAL's report that respondent-mother failed to give the children cards or gifts. Thus this portion of the trial court's finding is also unsupported by the record.
Finally, based on its evidentiary findings, the trial court ultimately found in finding of fact 7 that respondent-mother had "completely withdrawn her love and affection from the minor child[ren]." As we have concluded that the portions of finding of fact 7 regarding the trial court's evidentiary findings are unsupported by the evidence, we likewise find the trial court's ultimate finding unsupported. See Woodard v. Mordecai, 234 N.C. 463, 470, 67 S.E.2d 639, 644 (1951) ("There are two kinds of facts: Ultimate facts, and evidentiary facts. Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense; and evidentiary facts are those subsidiary facts required to prove the ultimate facts.").
Although denominated a finding of fact, finding of fact 8 is more properly considered a conclusion of law as it is a "statement of the law arising on the specific facts of [the] case which determines the issues between the parties." In re Everette, 133 N.C. App. 84, 85, 514 S.E.2d 523, 525 (1999). Findings of fact that are essentially conclusions of law will be reviewed as legal conclusions on appeal. Realty Co. v. Spiegel, Inc., 246 N.C. 458, 465, 98 S.E.2d 871, 876 (1957). Thus we review the trial court's determination that respondent-mother has "willfully abandoned the child[ren] for at least six consecutive months immediately preceding the filing of th[e] petition[s]" as a conclusion of law. See In re T.H.T., 185 N.C. App. 337, 345, 648 S.E.2d 519, 525 (2007) (considering improperly classified finding of fact in conjunction with challenged conclusions of law), aff'd as modified, 362 N.C. 446, 665 S.E.2d 54 (2008).
Because, however, we have concluded that the finding of fact 7  the only finding by the trial court addressing willful abandonment  is unsupported by the evidence, the court's conclusion of law that respondent-mother willfully abandoned Kevin and Joe under N.C. Gen. Stat. § 7B-1111(a)(7) is also necessarily unsupported. Although the record contains evidence which leads us to question whether respondent-mother had any meaningful contact with her children during the relevant time period, the trial court's findings of fact are not sufficient to support a conclusion of willful abandonment. Consequently, we reverse the trial court's orders terminating respondent-mother's parental rights based on a determination of willful abandonment and remand for further findings of fact. On remand, the trial court may, in its discretion, decide whether to consider additional evidence.
Reversed and remanded.
Judges BRYANT and JACKSON concur.
Report per Rule 30(e).
NOTES
[1] The pseudonyms "Kevin" and "Joe" are used throughout this opinion to protect the minor children's privacy and for ease of reading.
[2] The trial court entered two separate orders terminating respondent-mother's parental rights: one with respect to Kevin and another as to Joe. The court's findings regarding abandonment in the two orders are identical. Unless otherwise indicated, reference to the court's findings of fact pertain to both orders.