[230 N.C. App. 531 (2013)]

IN THE MATTER OF T.J.F.

No. COA13-707

Filed 19 November 2013

**1. Termination of Parental Rights—specific ground—not alleged in petition—sufficient facts—respondent on notice**

The trial court did not err in a termination of parental rights case by terminating respondent's parental rights on a ground not alleged in the petition. While the better practice would have been to specifically plead termination pursuant to N.C.G.S. § 7B-1111(a)(7), the petition sufficiently alleged facts to place respondent on notice that his parental rights may be terminated on the basis that he had abandoned his child.

**2. Termination of Parental Rights—best interest of child—reasoned decision**

The trial court did not abuse its discretion by concluding that it was in the best interest of the child that respondent's parental rights be terminated. The court's findings of fact reflected a reasoned decision.

**3. Termination of Parental Rights—consideration of child's adoption—necessary benefits**

The trial court did not err in a termination of parental rights case by terminating respondent's rights based in part upon the child's obtaining necessary benefits through adoption by her grandparents. The bulk of the court's findings of fact in the adjudication and disposition orders were devoted to the failure of respondent to satisfy his parental obligations to his child by withholding his presence, affection, and support. Only one mention was made concerning the possibility of the child's obtaining financial benefits by being adopted by her maternal grandparents.

Appeal by respondent-father from orders entered 21 March 2013 by Judge A. Elizabeth Keever in Cumberland County District Court. Heard in the Court of Appeals 28 October 2013.

*Lane & Lane, PLLC, by Freddie Lane, Jr. and Meleisa C. Rush-Lane, for mother, petitioner-appellee.*

*Assistant Appellate Defender J. Lee Gilliam for father, respondent-appellant.*

HUNTER, Robert C., Judge.

Petitioner is the mother of T.J.F. (hereinafter referenced by the pseudonym "Taylor"), born in May 2003 of a relationship between petitioner and respondent-father. Petitioner and respondent-father resided together for approximately six months after Taylor's birth and then separated. Taylor remained with petitioner. On 9 August 2012, petitioner filed a petition to terminate the parental rights of respondent-father pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) (2011) on the ground of neglect. On 21 March 2013, the court filed an order concluding grounds existed to terminate the parental rights of respondent-father pursuant to N.C. Gen. Stat. § 7B-1111(a)(7) in that respondent-father willfully abandoned Taylor for at least six consecutive months immediately preceding the filing of the petition. By separate disposition order, the court concluded that the best interest of Taylor required termination of the parental rights of respondent-father.

## Discussion

[1] Respondent-father first contends the court erred by terminating his parental rights on a ground not alleged in the petition. A petition for termination of parental rights must allege "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights [listed in N.C.G.S. § 7B-1111(a)] exist." N.C. Gen. Stat. § 7B-1104(6) (2011). The facts alleged need not be "exhaustive or extensive" but they must be sufficient to "put a party on notice as to what acts, omission or conditions are at issue." *In re Hardesty*, 150 N.C. App. 380, 384, 563 S.E.2d 79, 82 (2002). When the petition alleges the existence of a particular statutory ground and the court finds the existence of a ground not cited in the petition, termination of parental rights on that ground may not stand unless the petition alleges facts to place the parent on notice that parental rights could be terminated on that ground. *In re B.L.H.*, 190 N.C. App. 142, 147-48, 660 S.E.2d 255, 257-58, *aff'd per curiam*, 362 N.C. 674, 669 S.E.2d 320 (2008).

We now consider whether the petition at bar alleged sufficient facts to place respondent-father on notice that his parental rights may be terminated because he abandoned his child. "Abandonment implies conduct on the part of the parent which manifests a willful determination to forego all parental duties and relinquish all parental claims to the child." *In re Searle*, 82 N.C. App. 273, 275, 346 S.E.2d 511, 514 (1986). "It has been held that if a parent withholds his presence, his love, his care, the opportunity to display filial affection, and wilfully neglects to lend

support and maintenance, such parent relinquishes all parental claims and abandons the child." *Pratt v. Bishop*, 257 N.C. 486, 501, 126 S.E.2d 597, 608 (1962).

Abandonment of a child can support termination of parental rights under two provisions of N.C. Gen. Stat. § 7B-1111(a). *See In re Humphrey*, 156 N.C. App. 533, 540-41, 577 S.E.2d 421, 427 (2003). First, parental rights may be terminated pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) if the court concludes the parent has neglected the child by abandoning the child. N.C. Gen. Stat. § 7B-1111(a)(1) (2011); *see also* N.C. Gen. Stat. § 7B-101(15) (defining a neglected juvenile as one "who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned"). Second, parental rights may be terminated pursuant to N.C. Gen. Stat. § 7B-1111(a)(7) upon a finding that the parent "has willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition or motion" to terminate parental rights. N.C. Gen. Stat. § 7B-1111(a)(7) (2011).

While the better practice would have been to specifically plead termination pursuant to section 7B-1111(a)(7), we conclude the petition here sufficiently alleged facts to place respondent-father on notice that his parental rights may be terminated on the basis that he abandoned his child. The petition alleged that respondent's "lack of involvement with or regard for the minor child constitutes neglect under N.C.G.S. 7B-1111(a)(1)." As examples of neglect, the petition cited respondent's limited contact with the child despite consistently available opportunities for involvement; his failure to have any contact with the child within the six months preceding the petition; his failure to call or write the child within the same six-month period; and his failure to provide a reasonable amount for the cost and care of the child. The petition also alleged that as a result of the limited contact, the child has "no meaningful relationship" with respondent-father. These allegations suggest that respondent-father had foregone his parental responsibilities to the child and withheld his presence, care and parental affection by failing to maintain contact with the child.

The reliance of respondent-father upon *In re C.W.*, 182 N.C. App. 214, 228-29, 641 S.E.2d 725, 735 (2007), in which this Court invalidated termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(7), is misplaced. The petitioner in that case conceded the petition failed to allege abandonment and the respondent-parent had been given no notice by the allegations of the petition that his rights might be terminated on that basis. Here, the petition contained sufficient facts to put respondent-father on

notice that his parental rights could be revoked on the basis of abandonment. Therefore, *In re C.W.* is inapposite.

**[2]** Respondent-father next contends the court abused its discretion by terminating his parental rights. He argues the court's determination of the child's best interest is flawed.

Upon determining the existence of one or more grounds for termination of parental rights, the court next decides whether terminating the parent's rights is in the juvenile's best interest. N.C. Gen. Stat. § 7B-1110(a) (2011). In deciding whether termination of parental rights is in the best interest of the juvenile,

> the court shall consider the following criteria and make written findings regarding the following that are relevant:
>
> (1) The age of the juvenile.
>
> (2) The likelihood of adoption of the juvenile.
>
> (3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
>
> (4) The bond between the juvenile and the parent.
>
> (5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
>
> (6) Any relevant consideration.

*Id.* The court's decision is discretionary and reviewable only for abuse of discretion. *In re Anderson*, 151 N.C. App. 94, 98, 564 S.E.2d 599, 602 (2002). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

In its disposition order, the court noted the lack of contact by respondent-father with the child for more than two years. The court also found that the child has a close and loving relationship with her mother and maternal grandparents; that the maternal grandparents desire to adopt the child in order to provide her with otherwise unavailable benefits; that petitioner desires for her parents to adopt the child; and that, despite the child's desire to continue a relationship with her father, respondent-father "has not been forthcoming" in allowing the

**IN RE T.J.F.**

[230 N.C. App. 531 (2013)]

relationship to continue. The court concluded that it was in the child's best interest for termination to occur based upon her age, relationship with the maternal grandparents, and the lack of a relationship with respondent-father. As these findings reflect a reasoned decision, we find no abuse of discretion.

**[3]** Respondent-father lastly takes issue with the court's terminating his rights based in part upon the child's obtaining "necessary benefits" through adoption by her grandparents. The report of the guardian ad litem shows that if the child is adopted by her maternal grandparents, she qualifies for benefits as a child of a retired military person. The guardian ad litem wrote in her report that "the purpose of this termination and adoption basically is to manipulate the system so that [Taylor] can receive federal benefits."

Respondent-father argues that terminating parental rights so the child can obtain a financial advantage is against public policy and violates N.C. Gen. Stat. § 7B-1111(a)(2), which prohibits termination of a parent's rights for the sole reason that the parent is unable to care for the child because of the parent's poverty. He also argues it contravenes the first listed purpose of the Juvenile Code of providing "procedures for the hearing of juvenile cases that assure fairness and equity[.]" N.C. Gen. Stat. § 7B-100(1) (2011). Respondent-father submits that, since petitioner is herself abdicating parental responsibility for her child, "as a matter of equity she should not have the right to petition to terminate [respondent-father's] parental rights."

Our General Assembly has decreed that the Juvenile Code:

> shall be interpreted and construed so as to implement the following purposes and policies:
>
> (1) To provide procedures for the hearing of juvenile cases that assure fairness and equity and that protect the constitutional rights of juveniles and parents;
>
> (2) To develop a disposition in each juvenile case that reflects consideration of the facts, the needs and limitations of the juvenile, and the strengths and weaknesses of the family.
>
> (3) To provide for services for the protection of juveniles by means that respect both the right to family autonomy and the juveniles' needs for safety, continuity, and permanence; and

(4) To provide standards for the removal, when necessary, of juveniles from their homes and for the return of juveniles to their homes consistent with preventing the unnecessary or inappropriate separation of juveniles from their parents.

(5) To provide standards, consistent with the Adoption and Safe Families Act of 1997, P.L. 105-89, for ensuring that the best interests of the juvenile are of paramount consideration by the court and that when it is not in the juvenile's best interest to be returned home, the juvenile will be placed in a safe, permanent home within a reasonable amount of time.

N.C. Gen. Stat. § 7B-100 (2011). A "common thread running throughout the Juvenile Code, [N.C. Gen. Stat. § 7B-100 *et seq.*], is that the court's primary concern must be the child's best interest." *In re Pittman*, 149 N.C. App. 756, 761, 561 S.E.2d 560, 564, *disc. review denied*, 356 N.C. 163, 568 S.E.2d 608 (2002), *cert. denied, Harris-Pittman v. Nash County Dept. of Social Services*, 538 U.S. 982, 155 L. Ed. 2d 673 (2003). "[T]he child's interest in being protected from abuse and neglect is paramount." *Id.*

The respondent-father's argument might have some merit if the only basis cited by the court for terminating his rights is so the child could obtain financial benefits. However, the court cited other bases in its determination that termination of parental rights was in Taylor's best interest. In making a determination of the disposition in the child's best interest, a court may assign more weight to one or more factors over the others. *In re C.L.C.*, 171 N.C. App. 438, 448, 615 S.E.2d 704, 709 (2005), *aff'd per curiam*, 360 N.C. 475, 628 S.E.2d 760 (2006). Here, consistent with the purpose of protecting the child from abuse or neglect, the bulk of the court's findings of fact in the adjudication and disposition orders is devoted to the failure of respondent-father to satisfy his parental obligations to his child by withholding his presence, affection, and support. Only one mention is made concerning the possibility of the child's obtaining financial benefits by being adopted by her maternal grandparents.

We affirm the adjudication and disposition orders.

AFFIRMED.

Judges CALABRIA and HUNTER, JR. concur.