An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-137

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

In Re:

K.G.A.W., G.W.W.

Cleveland County
Nos.  08 JT 183, 184

Appeal by respondent from order entered 23 October 2013 by Judge K. Dean Black in Cleveland County District Court.  Heard in the Court of Appeals 16 June 2014.

> *Charles E. Wilson, Jr., Cleveland County Department of Social Services, for petitioner-appellee.*
>
> *Kilpatrick Townsend & Stockton LLP, by Adam H. Charnes and Chris W. Haaf, for guardian ad litem.*
>
> *Assistant Appellate Defender Joyce L. Terres for respondent-appellant.*

ELMORE, Judge.

Respondent father appeals from an order terminating his parental rights to K.G.A.W., born in January 2004, and G.W.W., born in August 2006.  We affirm the trial court's order.

K.G.A.W. and G.W.W. were removed from their mother's home in Cleveland County on 3 March 2010 after their mother was found

in the home unconscious and non-responsive following an unintentional overdose of prescription medication. Respondent was residing in Graham County separate from the children and their mother at that time. The children were adjudicated as neglected juveniles on 29 November 2010 and were placed in the custody of the Cleveland County Department of Social Services (DSS).

On 21 May 2012, the juveniles' mother signed a voluntary relinquishment of her parental rights. On 29 June 2012, DSS filed petitions to terminate respondent's parental rights. The trial court entered an order on 23 October 2013 terminating respondent's parental rights on grounds that respondent: (1) neglected the juveniles; (2) willfully left the juveniles in the custody of Cleveland County DSS for more than twelve months without showing to the satisfaction of the trial court that reasonable progress under the circumstances has been made in correcting the conditions that led to the removal of the juveniles; (3) abandoned the juveniles for at least six consecutive months immediately preceding the filing of the petition; and (4) had his parental rights involuntarily terminated with respect to another child and lacked the ability or willingness to establish a safe home for these juveniles.

Respondent challenges the trial court's finding of all four grounds.

We review a trial court's order terminating parental rights to determine whether the findings of fact are supported by clear, cogent and convincing evidence and whether the conclusions of law are supported by the findings of fact. *In re Shepard*, 162 N.C. App. 215, 221, 591 S.E.2d 1, 6, *disc. review denied sub nom In re D.S.,* 358 N.C. 543, 599 S.E.2d 42 (2004). We are bound by findings of fact "where there is some evidence to support those findings, even though the evidence might sustain findings to the contrary." *In re Montgomery,* 311 N.C. 101, 110-11, 316 S.E.2d 246, 252-53 (1984) (citation omitted). Findings of fact are also binding if they are not challenged on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). We conduct *de novo* review of the trial court's conclusions of law. *In re S.N.*, 194 N.C. App. 142, 146, 669 S.E.2d 55, 59 (2008), *aff'd per curiam*, 363 N.C. 368, 677 S.E.2d 455 (2009) (citation omitted).

We first address the trial court's conclusion that respondent has neglected the juveniles. Respondent contends that this conclusion is not supported by the findings of fact or clear, cogent and convincing evidence.

A trial court may terminate parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) if it concludes that the parent has abused or neglected the child. N.C. Gen. Stat. § 7B-1111(a)(1) (2013). A parent neglects a child by failing to provide proper care, supervision, discipline or a safe environment or by abandoning the child. N.C. Gen. Stat. § 7B-101(15) (2013).

> The fact that a parent does provide love, affection and concern, although it may be relevant, should not be determinative, in that the court could still find the child to be neglected within the meaning of our neglect and termination statutes. Where the evidence shows that a parent has failed or is unable to adequately provide for his child's physical and economic needs, whether it be by reason of mental infirmity or by reason of willful conduct on the part of the parent, and it appears that the parent will not or is not able to correct those inadequate conditions within a reasonable time, the court may appropriately conclude that the child is neglected.

*Montgomery*, 311 N.C. at 109, 316 S.E.2d at 251-52. "A finding of neglect sufficient to terminate parental rights must be based on evidence showing neglect at the time of the termination proceeding." *In re Young*, 346 N.C. 244, 248, 485 S.E.2d 612, 615 (1997) (citation omitted). "The trial court must also consider any evidence of changed conditions in light of the evidence of prior neglect and the probability of a repetition of

neglect." *In re Ballard*, 311 N.C. 708, 715, 319 S.E.2d 227, 232 (1984) (citation omitted).

The unchallenged findings of fact indicate that the children were previously in the custody of Cleveland County DSS from 8 October 2008 until 30 September 2009, when they returned to their mother's home. In its order returning the children to their mother, the trial court found that respondent had not visited the children since May 2009. Between the time the children were removed from the home on 3 March 2010 and the entry of the adjudication order in November 2010, respondent visited with the children a total of ten times. Respondent last visited the children on 20 November 2010. All other scheduled visits thereafter did not occur either because of respondent's failure to comply with the precondition of submission to drug screens, respondent's cancellation of the visitation, or respondent's incarceration. Respondent did not request visitation with the children when he spoke to the social worker on 27 July 2011 and did not inquire as to the juveniles' well-being at that time. Respondent failed to attend scheduled court hearings on 23 March 2011 and 6 April 2011. During a court hearing on 21 September 2011, respondent requested visitation with his children after he was to be released from incarceration

a week later.  The trial court advised respondent that he needed to contact the social worker to arrange visitation and that he needed to submit to an observed drug test prior to visitation. Respondent never contacted the social worker to arrange visitation.

Respondent was arrested in October 2011 in Graham County and was charged with manufacturing and possession of methamphetamine.  Since that time respondent has been incarcerated in the North Carolina Department of Correction with a projected release date of 13 February 2015.  At review hearings respondent attended on 25 January 2012 and 25 April 2012, respondent did not request to speak to the social worker and did not inquire about his children.  On 1 June 2012, the social worker met with respondent in the Cleveland County Jail and informed him that the children's mother had signed a relinquishment of paternal rights.  The social worker provided respondent with her address and contact information should he desire to contact his children.  Respondent has never written letters to the children or attempted to send letters to the children through the social worker since he has been in prison. He has not provided any financial support for the children while

he has been incarcerated. The children have not lived with respondent since 2008.

"Abandonment implies conduct on the part of the parent which manifests a willful determination to forego all parental duties and relinquish all parental claims to the child." *In re Searle*, 82 N.C. App. 273, 275, 346 S.E.2d 511, 514 (1986). "It has been held that if a parent withholds his presence, his love, his care, the opportunity to display filial affection, and wil[l]fully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child." *Pratt v. Bishop*, 257 N.C. 486, 501, 126 S.E.2d 597, 608 (1962) (citation omitted). We conclude the foregoing findings of fact support a conclusion of law that respondent has neglected the children and that the neglect is likely to continue for the foreseeable future.

Because we conclude this ground is supported by the findings of fact and evidence, we need not address the other grounds adjudicated by the trial court. *See In re P.L.P.*, 173 N.C. App. 1, 8, 618 S.E.2d 241, 246 (2005), *aff'd per curiam*, 360 N.C. 360, 625 S.E.2d 779 (2006) (finding that when "the trial court finds multiple grounds on which to base a termination of parental rights, and an appellate court

determines there is at least one ground to support a conclusion that parental rights should be terminated, it is unnecessary to address the remaining grounds").

We affirm the order terminating respondent's parental rights.

Affirmed.

Chief Judge MARTIN and Judge HUNTER, Robert N., concur.

Report per Rule 30(e).