LUCIANO PINEDA-LOPEZ, Plaintiff v. NORTH CAROLINA GROWERS ASSOCIA-
TION, INC., PHILLIP MORGAN AND HORACE MORGAN, Defendants

No. COA01-1273

(Filed 16 July 2002)

**Civil Procedure— Rule 52—mixed findings of fact and conclu-
sions of law**

A claim for retaliatory employment discrimination was
remanded where the trial court dismissal of the claim violated
N.C.G.S. § 1A-1, Rule 52 by making mixed findings of fact and
conclusions of law.

Appeal by plaintiff from order entered on 14 March 2001 by Judge
Henry W. Hight, Jr., Superior Court, Wake County. Heard in the Court
of Appeals 12 June 2002.

> *Legal Services of North Carolina, Farmworker Unit,* by *Alice
> Tejada and Mary Lee Hall, North Carolina Justice and
> Community Development Center,* by *Carol L. Brooke,* for
> plaintiff-appellant.*

> *Constangy, Brooks, & Smith, LLC,* by *Virginia A. Pierkarski
> and A. Robert Bell, III and W.R. Loftis, Jr.,* for defendant-
> appellant.*

WYNN, Judge.

Plaintiff Luciano Pineda-Lopez appeals a trial court order dis-
missing his North Carolina Retaliatory Employment Discrimination
Act claim. Because the order of the trial court violates the mandate of
Rule 52 of the North Carolina Rules of Civil Procedure to make sepa-
rate findings of fact and conclusions of law, we vacate the order and
remand it to the trial court to comply with the rule.

Mr. Pineda-Lopez is a Mexican national who worked in North
Carolina under a temporary visa granted through a federal program to
allow migrant workers to perform agricultural work in this country.
Defendant North Carolina Growers Association operates on behalf of
its agricultural employer members; it recruits, hires and assigns
migrant workers to its grower members. Defendants Horace and
Phillip Morgan are members of the North Carolina Growers
Association who operate a farm in Wake County, North Carolina.

The Morgans employed Mr. Pineda-Lopez from 6 June 1997 through 7 August 1997.

On 31 July 1997, Mr. Pineda-Lopez and one of his co-workers, Marco Antonio Barrios, complained to a lawyer in the Farmworkers Unit of Legal Services of North Carolina about his working conditions on the Morgan Farm. He complained that after being sprayed with pesticides, while working in the tobacco fields, he experienced headaches and vomiting, and reported his condition to Philip Morgan the same day. He also stated that the Morgans failed to provide him and other workers with sufficient drinking water in the fields to last the entire work day.

Upon hearing the complaints, the lawyer contacted the North Carolina Growers Association about the workers' complaints and requested that they be transferred to another grower. On 1 August 1997, the North Carolina Growers Association conducted an investigation of the workers' complaints and reported to the lawyer that none of the workers on the farm had complained about the drinking water supply, pesticide exposure, or sickness from the work. The investigation also revealed that there had been an issue about Mr. Pineda-Lopez and Mr. Barrios using alcohol on the job and that they had informed the other members of the crew that the work was too hard and that they intended to quit as soon as the tobacco leaf harvest began. Based on its investigation, the North Carolina Growers Association denied Mr. Pineda-Lopez's request for a transfer to another grower.

On 7 August 1997, a representative from North Carolina Growers Association met with Mr. Pineda-Lopez at the Morgan farm. According to Mr. Pineda-Lopez, the representative refused to grant his request for a transfer, and told him to sign a resignation form unless he wanted to be taken to an abandoned house and remain there until a transfer was available. Mr. Pineda-Lopez signed the resignation form; thereafter, the representative drove him to the bus station for return to Mexico.

On 7 January 1998, several months after his return to Mexico, Mr. Pineda-Lopez filed a Retaliatory Discrimination Act complaint with the North Carolina Department of Labor. Ultimately, the matter was resolved in Superior Court where after conducting a nonjury trial, the trial court dismissed his claims in their entirety with prejudice. Mr. Pineda-Lopez appealed to this Court.

**PINEDA-LOPEZ v. N.C. GROWERS ASS'N**

[151 N.C. App. 587 (2002)]

The dispositive issue on appeal is whether the trial court erred in making mixed findings of fact and conclusions of law. We answer, yes.

Our standard of review of a nonjury trial is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). If the court's factual findings are supported by competent evidence, they are conclusive on appeal, even though there is evidence to the contrary. *Lagies v. Myers*, 142 N.C. App. 239, 246, 542 S.E.2d 336, 341, *review denied*, 353 N.C. 526, 549 S.E.2d 218 (2001); *Chicago Title Ins. Co. v. Wetherington*, 127 N.C. App. 457, 460, 490 S.E.2d 593, 596 (1997), *review denied*, 347 N.C. 574, 498 S.E.2d 380 (1998).

On appeal, Mr. Pineda-Lopez contends that the trial court erred by making mixed findings of fact and conclusions of law. We agree.

Rule 52(a)(1) which governs findings by the trial court in a non-jury proceeding states that:

> In all actions tried upon the facts without a jury or with an advisory jury, the court *shall* find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2001) (emphasis added). Thus, this rule requires the trial judge hearing a case without a jury to make findings of fact and conclusions of law. *See Gilbert Eng'g Co. v. City of Asheville*, 74 N.C. App. 350, 328 S.E.2d 849, *cert. denied*, 314 N.C. 329, 333 S.E.2d 485 (1985); *see also* N.C. Gen. Stat. § 1A-1, Rule 52(a)(1).

Surely under Rule 52, a trial court must avoid the use of mixed findings of fact and instead, separate the findings of fact from the conclusions of law. However, in this case the trial judge labeled his order "Mixed Findings of Fact and Conclusions of Law." In reviewing this order, it is difficult to discern what indeed is a finding of fact and what is a conclusion of law.

The language of Rule 52 is mandatory; in nonjury actions, the trial court *shall* find the facts *specially* and state *separately* its conclusions of law. *See, e.g., DKH Corp. v. Rankin-Patterson Oil Co., Inc.*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998) (Our Supreme Court held

that the mandatory language of Rule 54(b) of the North Carolina Rules of Civil Procedure that stated, "Such judgment shall then be subject to review by appeal," required the appellate court to hear the appeal.). Since the trial court violated that mandate in issuing the subject order, we are compelled to remand this matter to the trial court to reissue its order in compliance with Rule 52(a)(1).

Vacated and remanded.

Judges HUNTER and CAMPBELL concur.