PATRICIA M. HODGES, PLAINTIFF v. WILSON FRANKLIN HODGES, JR., DEFENDANT

No. COA02-61

(Filed 4 March 2003)

## 1. Contempt— violation of domestic violence protective order—criminal

An action holding defendant in contempt for violating a domestic violence protective order was criminal rather than civil because defendant was being punished for a violation of a court order.

## 2. Trials— continuance denied—incarcerated in Tennessee

The trial court erred by dismissing a motion to continue an appeal to superior court from a district court contempt finding under a domestic violence protective order where defendant was incarcerated in Tennessee and did not appear. While some willful act may have been committed which resulted in defendant's incarceration, it is unlikely that he was abusing the system, and there were no findings that defense counsel had advance

**HODGES v. HODGES**

[156 N.C. App. 404 (2003)]

notice. The error was prejudicial because the appeal was dismissed with prejudice.

## 3. Contempt— appeal to superior court—dismissed with prejudice—incarceration out of state

The superior court erred by dismissing with prejudice defendant's appeal from a district court finding of contempt for violation of a domestic violence protective order where defendant was incarcerated in Tennessee and did not appear for trial.

Appeal by defendant from an order entered 13 September 2001 by Judge Zoro J. Guice, Jr. in Watauga County Superior Court denying defendant's motion for continuance and dismissing his appeal with prejudice from the district court's finding of criminal contempt. Heard in the Court of Appeals 21 January 2003.

*Michael Vetro for plaintiff-appellee.*

*Steven M. Carlson for defendant-appellant.*

ELMORE, Judge.

A domestic violence protective order (*Memorandum of Judgment* signed on 13 December 2000) restricted defendant's contact with his wife, the plaintiff, and required disclosure of certain information about the marital assets. After the defendant contacted the plaintiff and allegedly withdrew assets from the marital account, on 26 February 2001 the plaintiff filed a motion for the defendant to appear and show cause as to why he should not be held in contempt for failure to comply with the judgment. The motion to show cause also moved the court to sentence the defendant to thirty days in the county jail pursuant to sections 5A-11(3) and 5A-12 of the North Carolina General Statutes. Plaintiff filed another motion to show cause on 20 April 2001, and a magistrate signed the order requiring the defendant to appear on 1 May 2001. On 2 May 2001, the defendant was held in criminal contempt for willful failure to comply with the domestic violence protective order, and was sentenced to thirty days in jail and a $500.00 fine. He was present at the trial.

Defendant appealed the judgment and requested a trial de novo, to which he was entitled by section 5A-17 of our General Statutes. The appeal was scheduled to be heard in superior court in Boone on 4 September 2001. On 4 September 2001, defendant's counsel moved to continue the case, stating in his motion that the defendant was

unable to appear as he was at that time incarcerated in Tennessee until on or about 7 September 2001. After holding the matter open for the afternoon session, the trial court found that the defendant was "in custody in Tennessee of his own volition and made himself unavailable and failed to pursue the appeal of this court" and therefore denied defendant's motion to continue and dismissed his appeal with prejudice. The trial court ordered that the previous order remain in full force and the defendant surrender himself to the Watauga County Sheriff immediately following his incarceration in Tennessee to serve his thirty day sentence minus one day of credit for being in custody overnight on 2 May 2001.

Defendant now appeals on the grounds that his constitutional rights were violated when the motion to continue was denied and that his constitutional and statutory rights were violated when his appeal was dismissed.

I.

[1] For purposes of this appeal, we must first determine whether the sentence was for civil or criminal contempt.

Our Supreme Court has observed that a major factor in determining whether contempt is criminal or civil is the purpose for which the power is exercised:

[C]riminal contempt is administered as punishment for acts already committed that have impeded the administration of justice in some way . . . Civil contempt, on the other hand, is employed to coerce disobedient defendants into complying with orders of [the] court. . . .

*Brower v. Brower*, 70 N.C. App. 131, 133, 318 S.E.2d 542, 544 (1984).

In the case at bar, the defendant was being punished for a violation of the order of the court, namely for threatening the plaintiff and moving assets. It follows that the contempt is criminal, as the district court correctly held.

II.

[2] The second issue before this Court is whether the defendant's constitutional rights were violated by dismissal of the motion to continue.

A motion to continue is ordinarily addressed to the sound discretion of the trial court, and will not be disturbed absent a show-

ing of abuse of discretion. *State v. Williams*, 355 N.C. 501, 540, 565 S.E.2d 609, 632 (2002), *cert. denied*, —— U.S.——, 123 S. Ct. 894 (2003). The standard is slightly different when there are constitutional rights implicated:

> When a motion to continue raises a constitutional issue, however, the trial court's ruling thereon involves a question of law that is fully reviewable on appeal by examination of the particular circumstances presented in the record. Even when the motion raises a constitutional issue, denial of the motion is grounds for a new trial only upon a showing that the denial was erroneous and also that [defendant] was prejudiced as a result of the error.

*State v. Branch*, 306 N.C. 101, 104, 291 S.E.2d 653, 656 (1982). This case raises a constitutional issue, namely whether the denial of the motion to continue effectively deprived the defendant of his right to confront witnesses against him, as guaranteed by section 23 of Article I of the North Carolina Constitution.

The North Carolina General Statutes outline the criteria which guide the trial court's discretion in a pre-trial motion:

> (g)  In superior or district court, the judge shall consider at least the following factors in determining whether to grant a continuance:
>
> > (1) Whether the failure to grant a continuance would be likely to result in a miscarriage of justice. . . .

N.C. Gen. Stat. § 15A-952(g) (2001).

Accordingly, the motion to continue should be granted if the denial of the motion would result in a miscarriage of justice. In this case, the defendant was not able to appear in court on the hearing date because he was incarcerated in Tennessee. On these facts, we disagree with the finding that defendant failed to appear willfully. Although some willful act may have been committed which resulted in the defendant's incarceration, once in custody the defendant had no option to appear and no freedom to request appearance in another state's court. A superior court judge may request the extradition of such a defendant, but the defendant himself may not. *See e.g.* N.C. Gen. Stat. § 15A-723 (2001). It seems unlikely that the defendant was abusing the system by intentionally earning a jail sentence in another state for the sole purpose of avoiding prosecution of his own appeal here. There were no findings in the superior court that defendant's

counsel had advance notice or that either he or the defendant were intentionally manipulating the system to harass the court or the plaintiff. Neither were there findings that defendant's counsel had adequate notice and could have taken steps to request his extradition in advance of the hearing date. Therefore, on these facts, we hold that the ruling is in error.

Error on a pre-trial ruling must be prejudicial to warrant reversal. Because the defendant in this case could not physically be in trial on the hearing date, counsel would have had to proceed without him. The actual result, however, was that the appeal was dismissed with prejudice, apparently because of the defendant's failure to appear. So the actual result in this case was that the defendant's appeal was prejudiced by his failure to appear as a result of the denial of the continuance.

We agree with the trial court's advice to counsel that the court does not operate for the convenience of the defendant. The court does, however, operate for the purpose of rendering justice in all cases, and in the interest of avoiding a miscarriage of justice, the denial of the motion to continue here constitutes prejudicial error.

We therefore reverse the lower court's ruling on the motion to continue.

### III.

**[3]** The third issue in this appeal is whether defendant's constitutional and statutory rights were violated by dismissal of the appeal with prejudice.

Defendant was convicted of criminal contempt in the district court, and pursuant to section 5A-17 of our General Statutes, had the right to appeal and be granted a hearing de novo in the superior court. Defendant did appeal, and was granted a hearing but did not appear due to his incarceration in Tennessee.

The standard of review for a dismissal with prejudice in a nonjury trial is:

[W]hether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. If the court's factual findings are supported by competent evidence, they are conclusive on appeal, even though there is evidence to the contrary.

*Pineda-Lopez v. N.C. Growers Ass'n,* 151 N.C. App. 587, 589, 566
S.E.2d 162, 164 (2002) (citations omitted).

We hold that the conclusion of law to dismiss the case with prejudice is not supported by the findings of fact that the defendant failed
to appear, and that, for the reasons stated above, the finding that the
defendant willfully failed to appear is not supported by the competent evidence that he was in fact incarcerated. These findings and
conclusions effectively deprived defendant of his statutory right to
appeal the contempt finding for a trial de novo in superior court.

Because the statutory issue is dispositive, we will not address the
constitutional rights of the defendant concerning this claim. The
appeal is reversed and remanded to the superior court for a new trial
pursuant to section 5A-17 of the General Statutes.

Reversed and Remanded.

Chief Judge EAGLES and Judge McCULLOUGH concur.