ROGER D. BELANGER, Plaintiff
v.
W. SYLVESTER WARREN, Defendant
No. COA06-562
North Carolina Court of Appeals
Filed April 17, 2007
This case not for publication
Roger D. Belanger, plaintiff-appellee, pro se.
Troutman Sanders, LLP, by Patricia P. Kerner, for defendant-appellant.
HUNTER, Judge.
Roger D. Belanger ("plaintiff"), the appellee, filed a complaint against W. Sylvester Warren ("defendant") on 4 March 1999. The complaint alleged that defendant had failed to pay for legal services provided by plaintiff. A summons purports to have been served on a "Carroll Warren (daughter)" on 17 March 1999. After defendant failed to respond, a default judgment in the amount of $123,566.50 was entered against defendant on 17 May 1999.
On 18 June 2004, defendant's counsel filed a motion for relief from judgment, supported by two affidavits. The first was from defendant's daughter, Tonessie Caroline Warren. She testified that she had not in fact been served with the summons and complaint, andthat the signature on the return was not hers. The second affidavit was from defendant, in which he testified that he had never received the summons and complaint or any other notice of the suit until he received a letter on 3 May 2004 from plaintiff's counsel.
On 24 August 2004, defense counsel served a notice of hearing, setting the motion for relief from judgment for hearing on 29 November 2004. On the day of the scheduled hearing, defendant's counsel moved to withdraw the notice of hearing for his Rule 60 motion to set aside the default judgment. Defense counsel withdrew from representation of defendant six days later.
On 15 July 2005, defendant, signing pro se, filed a second motion for relief from judgment. Defendant stated that he did not have a daughter named "Carroll Warren," but does have a daughter named "Tonessie Caroline Warren." Defendant then retained new counsel to represent him in the hearing on the motion for relief from judgment.
Before the hearing, plaintiff filed an affidavit of Deputy Sheriff Raymond Parker which stated in relevant part that he had served the summons and complaint on "Carol Warren, the daughter of the defendant," and that at the time of service she lived with defendant. On 5 January 2006, the superior court entered an order denying the motion for relief from judgment.
Appellant raises the following issues on appeal: Whether the trial court erred in not separating its findings of fact from conclusions of law, whether defendant was properly served withnotice of process before the trial court entered a default judgment; and whether defendant's Rule 60 motion to set aside the default judgment was properly denied. After careful consideration, we affirm the ruling of the trial court.
Defendant first argues that the trial court erred in failing to make separate findings of fact and conclusions of law. We disagree. "Findings of fact and conclusions of law are necessary on decisions of any motion . . . only when requested by a party[.]" N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (2005) (emphasis added). The record does not indicate that either party requested findings and conclusions to be made by the trial judge. Although not required to do so, the trial judge made " MIXED FINDINGS OF FACT AND CONCLUSIONS OF LAW." Where a court is not required to make findings of fact or conclusions of law it has discretion to do so. Epps v. Duke University, 116 N.C. App. 305, 308, 447 S.E.2d 444, 446 (1994).
Defendant argues that the trial court erred by not stating the findings of fact and conclusions of law separately and relies on Pineda-Lopez v. N.C. Growers Ass'n, 151 N.C. App. 587, 566 S.E.2d 162 (2002), for this proposition. In Pineda-Lopez, where this Court overturned a trial court order that mixed findings of fact and conclusions of law, we were interpreting N.C.R. Civ. P. 52(a)(1). Id. at 589, 566 S.E.2d at 164. The language of that statute is clear in that it does not allow a trial court to state mixed questions of law and fact in an order after a non-jury trial. N.C.R. Civ. P. 52(a)(1). The instant case, however, does not involve a non-jury trial but a Rule 60(b) motion. As to a trial court's ruling on motions, findings of fact and conclusions of law are set out in accordance with Rule 52(a)(2), not Rule 52(a)(1). Thus, defendant's reliance on Pineda-Lopez is misplaced. Contrary to defendant's arguments, Gibson v. Mena, 144 N.C. App. 125, 548 S.E.2d 745 (2001), is controlling authority.
In Gibson, the trial court made a conclusion of law but no findings of fact when ruling on a motion to set aside a default judgment. Id. at 128, 548 S.E.2d at 747. This Court held that so long as there is evidence in the record supporting the legal conclusion then the trial court's decision will not be reversed. Id. at 128-29, 548 S.E.2d at 747. In this case, defendant challenged the default judgment on the ground that service of process was ineffective, and as such, the trial court did not have personal jurisdiction over defendant and the default judgment was void. Thus we review the trial court's findings of fact and the record on appeal to determine whether there is evidence to support the conclusion that service of process was proper. After careful consideration, we affirm the ruling of the trial court.
Defendant argues that plaintiff did not use the proper substituted service provisions of N.C.R. Civ. P. 4(j). We disagree. Those provisions require the papers to be served: (1) at the dwelling house or usual place of abode of the person to be served; (2) with a person of suitable age and discretion; (3) who resides with the person to be served. Hassell v. Wilson, 301 N.C.307, 312, 272 S.E.2d 77, 80-81 (1980). "The papers, in other words, must be left at a place which constitutes the dwelling of both the person to be served and the person with whom the papers are left." Id. at 312, 272 S.E.2d at 81 (citing Guthrie v. Ray, 293 N.C. 67, 235 S.E.2d 146 (1977)).
When service is challenged, N.C. Gen. Stat. § 1-75.10 "prescribes how proof of service of process shall be made[.]" Id. Once proof of service is established, the serving party is entitled to a rebuttable presumption that service was proper. Granville Med. Ctr. v. Tipton, 160 N.C. App. 484, 489, 586 S.E.2d 791, 795 (2003). Thus, the issues are whether plaintiff established proof of service and whether defendant can overcome that presumption.
The first two elements of Rule 4(j)(1)(a) are met by the summons itself because it states: (1) that the papers were served at the usual place of abode of the party named; and (2) that the person actually served was of a suitable age. Defendant argues that the third element, requiring that the person served must "reside" with the defendant, was not met. Under section 1-75.10(b), however, proof of service may be made via affidavit.
In the instant case, plaintiff met his burden when the serving officer submitted an affidavit stating that "Carol Warren, the daughter of the defendant, W. Sylvester Warren . . . resided at the same usual place of abode as the defendant, W. Sylvester Warren." (Emphasis added.) This affidavit, taken with the summons, is sufficient to entitle plaintiff to a rebuttable presumption that service of process was proper. See Carpenter v. Agee, 171 N.C.App. 98, 99, 613 S.E.2d 735, 736 (2005) (serving party may make proof of service by filing an affidavit).
Defendant also argues that a rebuttable presumption of service would be inappropriate in this case because "there is no evidence in the [r]ecord at all about the place where service was accomplished." The summons itself states defendant's address and that it was served at defendant's abode. Defendant's argument is without merit and plaintiff is entitled to a rebuttable presumption of service.
Next, we must address whether defendant's two affidavits contesting service of process are sufficient to overcome the presumption of service. In Tipton, the defendant attempted to rebut this presumption with two affidavits. Because the evidence of the parties was contradictory, this Court held that "'"the credibility of the witnesses and the weight of the evidence were for determination by the court below in discharging its duty to find the facts"'"; thus, the lower court's ruling of proper service of process would not be disturbed on appeal. Tipton, 160 N.C. App. at 489, 586 S.E.2d at 795 (citations omitted).
Defendant in this case, like the defendant in Tipton, also provided two affidavits stating that process had not been properly served. Plaintiff countered with an affidavit from the police officer stating that service had in fact been served in conformity with N.C.R. Civ. P. 4(j). As in Tipton, the evidence of the parties was in conflict. Because the trial court is in the best position to weigh the evidence it cannot be said that the trial court abused its discretion in denying defendant's motion to set aside the entry of default due to lack of valid service, where there was evidence to support the court's finding.
Defendant also argues that the trial court erred in finding that "Carroll Warren" (the name on the summons) is the same person as "Carol Warren" (the daughter of defendant). However, the presumption of valid service "arises upon proof of delivery, regardless of the identity of the signer[.]" Tipton, 160 N.C. App. at 491, 586 S.E.2d at 796-97. This same argument was rejected in Tipton and we reject it here as well. In summation, we hold that the evidence in the record and the trial court's findings of fact support the legal conclusion that service of process has been or was properly served.
Defendant next argues that the trial court erred in concluding that defendant's motion to set aside the default judgment was not timely filed. The trial court denied defendant's motion because: (1) it was not filed within a reasonable time; (2) service of process was proper; and (3) the court had personal jurisdiction over defendant. Because we find no error in the trial court's conclusions regarding service of process and personal jurisdiction we need not reach defendant's argument concerning timeliness.
A party may make a motion pursuant to N.C.R. Civ. P. 60(b)(4) to obtain relief from a final judgment or order which is void. County of Wayne ex rel. Williams v. Whitley, 72 N.C. App. 155, 157, 323 S.E.2d 458, 461 (1984). Judgments will only be considered void "'when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered.'" Barton v. Sutton, 152 N.C. App. 706, 708, 568 S.E.3d 264, 265-66 (2002) (citation omitted). Defendant carries the burden to show that the judgment was void. Tipton, 160 N.C. App. at 487, 586 S.E.2d at 794.
In the instant case, the trial court correctly determined that service was proper and that it had jurisdiction over the parties. Valid service of process confers personal jurisdiction on the trial court. Glover v. Farmer, 127 N.C. App. 488, 490, 490 S.E.2d 576, 577 (1997). Thus, it cannot be said that the judgment was void, and as such, the trial court did not abuse its discretion by denying defendant's motion to set aside the judgment. We have reviewed defendant's other arguments and find them to be without merit.
In summary, the trial court's use of "mixed findings of fact and conclusions of law" was not error, and the trial court correctly determined that defendant had been properly served. Thus, defendant's motion to set aside the default judgment was appropriately denied and we therefore affirm the order of the trial court.
Affirmed.
Chief Judge MARTIN and Judge STROUD concur.
Report per Rule 30(e).