IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-755

Filed: 6 February 2018

Rutherford County, No. 15 JT 96

IN THE MATTER OF: D.E.M.

Appeal by respondent from order entered 26 April 2017 by Judge Laura Powell in Rutherford County District Court. Heard in the Court of Appeals 21 December 2017.

*No brief for petitioner-appellee.*

*Anné C. Wright for respondent-appellant.*

MURPHY, Judge.

Respondent ("Alberto") [1] appeals from an order terminating his parental rights. After careful review, we vacate and remand.

Alberto is the father of the juvenile D.E.M. ("Danny"). Petitioner ("Beryl") is Danny's mother. On 25 August 2015, Beryl filed a petition to terminate Alberto's parental rights. Beryl claimed that Alberto had no contact with Danny since February 2005, that Danny had resided exclusively with Beryl since his birth, and that Alberto had not provided consistent child support for Danny's care and maintenance. On 26 April 2017, the trial court entered an order terminating

---

[1] Pseudonyms are used to protect the identity of the juvenile and to promote ease of reading. *See* N.C. R. App. P. 3.1(b).

Alberto's parental rights pursuant to N.C.G.S. § 7B-1111(a)(7) (2017). Alberto filed timely notice of appeal.

Alberto argues that the trial court erred by concluding that grounds existed to terminate his parental rights. We agree.

Every proceeding to terminate parental rights involves two distinct stages, the adjudication stage and the disposition stage. *In re D.H.*, 232 N.C. App. 217, 219, 753 S.E.2d 732, 734 (2014) (citation omitted). At "the adjudication stage, the trial court must determine whether there exists one or more grounds for termination of parental rights under N.C.G.S. § 7B-1111(a)." *Id.* at 219, 753 S.E.2d at 734. N.C.G.S. § 7B-1111 sets out the statutory grounds for terminating parental rights. A finding of any one of the separately enumerated grounds is sufficient to support termination. *In re N.T.U.*, 234 N.C. App. 722, 733, 760 S.E.2d 49, 57 (2014). The standard of appellate review is whether the trial court's "findings of fact are supported by clear, cogent, and convincing evidence and whether the findings of fact support the conclusions of law." *In re Huff*, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), *disc. review denied, appeal dismissed*, 353 N.C. 374, 547 S.E.2d 9 (2001)).

Pursuant to N.C.G.S. § 7B-1111(a)(7), the trial court may terminate parental rights where "[t]he parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition or motion[.]" "Abandonment implies conduct on the part of the parent which manifests a willful

determination to forego all parental duties and relinquish all parental claims to the child. The word willful encompasses more than an intention to do a thing; there must also be purpose and deliberation." *In re Adoption of Searle*, 82 N.C. App. 273, 275, 346 S.E.2d 511, 514 (1986) (internal quotations and citations omitted). Factors to be considered include a parent's financial support for a child and "emotional contributions," such as a father's "display of love, care and affection for his children." *In re McLemore*, 139 N.C. App. 426, 429, 533 S.E.2d 508, 510 (2000) (citations omitted). "Although the trial court may consider a parent's conduct outside the six-month window in evaluating a parent's credibility and intentions, the 'determinative' period for adjudicating willful abandonment is the six consecutive months preceding the filing of the petition." *In re D.M.O.*, ___ N.C. App. ___, ___, 794 S.E.2d 858, 861 (2016) (internal citations, quotation marks, and alterations omitted).

Here, the relevant six-month period was between 25 February and 25 August 2015. The trial court made the following findings of fact to support its conclusion that Alberto abandoned the juvenile:

> 4. [Alberto] has never provided any financial support for the minor child.
>
> 5. [Alberto] has had no contact with the minor child in many years.
>
> 6. Prior to the filing of the petition in this matter, [Alberto] has sent one letter to [Beryl] concerning the minor child. Since the filing of the Petition in this matter, [Alberto] has sent other letters to [Beryl] concerning the minor child.

7. [Alberto] has spent a significant portion of the minor child's life incarcerated.

8. There have been extended periods of time during the minor child's life, in which [Alberto] was not incarcerated, yet [he] had no contact, other than incidental contact, and no personal visitation nor overnight visitation, with the minor child during these times.

9. [Alberto] made the willful choice to commit the crimes for which he was incarcerated during the minor child's life.

10. [Alberto] made the willful choice during the minor child's life to have his probation revoked and serve active prison time, rather than to stay out of prison and continue on probation, when remaining on probation could have increased the likelihood and possible opportunities of his having a relationship with the minor child.

11. [Alberto] has, by his choices, willfully abandoned the minor child for at least six consecutive months immediately preceding the filing of this action.

Our review of the trial court's findings leads us to the determination that they are inadequate to support the court's conclusion that respondent willfully abandoned the juvenile. First, the trial court's findings do not specifically address Alberto's behavior within the relevant six-month period immediately preceding the filing of the petition as required to adjudicate willful abandonment. We note that none of the trial court's findings provide any dates. In particular, in finding number 6, the trial court found that Alberto sent Beryl a letter prior to her filing the petition, but the finding

neglects to indicate whether this action occurred prior to or during the relevant six-month period.

Second, the trial court's findings are inadequate to support its ultimate finding that Alberto's abandonment of Danny was willful. Alberto notes that he was incarcerated throughout the relevant six-month period, and that Beryl refused to provide him with contact information for herself or Danny. Thus, Alberto contends that his inability to contact Danny negates a conclusion of willfulness.

"Our precedents are quite clear—and remain in full force—that incarceration, standing alone, is neither a sword nor a shield in a termination of parental rights decision." *Matter of M.A.W.*, ___ N.C. ___, ___, 804 S.E.2d 513, 517 (2017) (internal citations, quotation marks, and alterations omitted). Thus, a showing of incarceration alone is insufficient to prove willful abandonment. *In re Adoption of Maynor*, 38 N.C. App. 724, 726-27, 248 S.E.2d 875, 877 (1978). Although a parent's options for showing affection while incarcerated are greatly limited, a parent " '*will not be excused from showing interest in his child's welfare by whatever means available.*' " *In re J.L.K.*, 165 N.C. App. 311, 318-19, 598 S.E.2d 387, 392 (emphasis added) (quoting *Whittington v. Hendren*, 156 N.C. App. 364, 368, 576 S.E.2d 372, 376 (2004)), *disc. review denied*, 359 N.C. 68, 609 S.E.2d 773 (2004). Nevertheless, "the circumstances attendant to a parent's incarceration are relevant when determining whether a parent willfully abandoned his or her child, and this Court has repeatedly

acknowledged that the opportunities of an incarcerated parent to show affection for and associate with a child are limited." *D.M.O.*, ___ N.C. App. at ___, ___, 794 S.E.2d at 862-63.

Here, the trial court's findings demonstrate that Alberto was incarcerated for a significant portion of the juvenile's life, including the relevant six-month period preceding the filing of the petition, and he was still incarcerated at the time of the termination hearing. Alberto testified that he wrote the juvenile multiple letters while in prison, but the court's findings only state that Alberto had no contact with the juvenile and provided no financial support. Assuming the trial court rejected Alberto's testimony that he wrote Danny letters while in prison, the trial court's findings nevertheless do not address, in light of his incarceration, what other efforts Alberto could have been expected to make to contact Beryl and the juvenile. This was an error. In *D.M.O.,* the respondent-mother was also incarcerated during the determinative six-month period under N.C.G.S. § 7B-1111. *See id.* at ___, 794 S.E.2d at 864. We vacated and remanded the trial court's order terminating the parental rights of the respondent-mother in part because "the trial court here made no findings indicating that it considered the limitations of respondent-mother's incarceration, or that respondent-mother was able but failed to provide contact, love, or affection to her child while incarcerated." *Id.* at ___, 794 S.E.2d at 864.

There are further issues with the trial court's order, as it improperly mixes the court's factual findings with its conclusions of law in violation of Rule 52 of the North Carolina Rules of Civil Procedure. N.C. R. Civ. P. 52. Under Rule 52, a trial court "must avoid the use of mixed findings of fact and instead, separate the findings of fact from the conclusion of law." *Pineda-Lopez v. N.C. Growers Ass'n,* 151 N.C. App. 587, 589, 566 S.E.2d 162, 164 (2002). Rule 52 applies to termination of parental rights orders. *In re T.P.*, 197 N.C. App. 723, 729, 678 S.E.2d 781, 786 (2009). Orders which do not follow Rule 52 are to be vacated and remanded "to the trial court to reissue its order in compliance with Rule 52(a)(1)." *Pineda* 151 N.C. App. at 590, 566 S.E.2d at 165.

Consequently, we conclude that the trial court failed to enter adequate findings of fact to demonstrate that grounds existed pursuant to N.C.G.S. § 7B-1111(a)(7) to terminate Alberto's parental rights, and failed to list its Findings of Fact and Conclusions of Law in accordance with Rule 52. Accordingly, we vacate the trial court's order and remand to the trial court for further findings and conclusions to support the ground upon which it relied to terminate Alberto's parental rights, and to reissue those findings and conclusions in accordance with Rule 52. "We leave to the discretion of the trial court whether to hear additional evidence." *In re F.G.J.*, 200 N.C. App. 681, 695, 684 S.E.2d 745, 755 (2009). In light of our disposition, we decline to address respondent's remaining argument on appeal.

VACATED AND REMANDED.

Judges HUNTER, JR. and DILLON concur.