IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-109

No. 500A20

Filed 24 September 2021

IN THE MATTER OF: K.J.E.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 25 September 2020 by Judge Frederick B. Wilkins Jr. in District Court, Alamance County. This matter was calendared for argument in the Supreme Court on 19 August 2021 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*No brief for petitioner-appellee.*

*No brief for appellee Guardian ad Litem.*

*Sean P. Vitrano for respondent-appellant father.*

BERGER, Justice.

Respondent appeals from an order terminating his parental rights in K.J.E. (Keith).[1] We vacate the termination order and remand the matter to the trial court.

## I.   Background

Keith's mother (petitioner) initiated this action to terminate respondent's parental rights in District Court, Alamance County on March 8, 2019. The petition asserted that grounds existed to terminate respondent's parental rights based on the

---

[1] A pseudonym is used to protect the identity of the juvenile and for ease of reading.

failure of respondent to provide substantial financial support or consistent care for Keith pursuant to N.C.G.S. § 7B-1111(a)(5) and willful abandonment pursuant to N.C.G.S. § 7B-1111(a)(7). Respondent filed an answer opposing the termination of his parental rights on April 18, 2019.

¶ 3 Evidence presented in the petition tended to show that respondent was under a monthly child support obligation of $475 and was $9,599.88 in arrears at the time the petition was filed. In addition, respondent failed to make any effort to have contact with Keith since Keith's birth. The only contact between respondent and Keith occurred as a result of petitioner's efforts. Respondent's last contact with Keith occurred in June 2017. Petitioner further alleged that respondent never communicated with Keith, nor had respondent acknowledged the child's birthday by calling or sending a card or gift. Further, respondent never sent a gift to Keith or otherwise communicated with the child at Christmas.

¶ 4 A termination hearing was held on September 16, 2020. Prior to the hearing, the trial court granted respondent's motion to dismiss N.C.G.S. § 7B-1111(a)(5) as a ground for termination because respondent submitted to genetic testing which determined that he was Keith's father, and the child's birth certificate had been amended to recognize respondent as the father. The hearing proceeded solely on petitioner's willful abandonment claim. On September 25, 2020, the trial court entered an order terminating respondent's parental rights based on willful

abandonment. Respondent appeals.

## II. Analysis

"Our Juvenile Code provides for a two-step process for termination of parental rights proceedings consisting of an adjudicatory stage and a dispositional stage." *In re Z.A.M.*, 374 N.C. 88, 94, 839 S.E.2d 792, 796–97 (2020) (citing N.C.G.S. §§ 7B-1109, 1110 (2019)). "At the adjudicatory stage, the petitioner bears the burden of proving by 'clear, cogent, and convincing evidence' the existence of one or more grounds for termination under section 7B-1111(a) of the General Statutes." *In re A.U.D.*, 373 N.C. 3, 5–6, 832 S.E.2d 698, 700 (2019) (quoting N.C.G.S. § 7B-1109(f) (2019)). "We review a trial court's adjudication under N.C.G.S. § 7B-1109 to determine whether the findings are supported by clear, cogent and convincing evidence and the findings support the conclusions of law. The trial court's conclusions of law are reviewable de novo on appeal." *In re C.B.C.*, 373 N.C. 16, 19, 832 S.E.2d 692, 695 (2019) (cleaned up).

Here, the trial court concluded that grounds existed to terminate respondent's parental rights for willful abandonment based on the following findings of fact:

> 5. Petitioner and respondent began a relationship sometime in 2015 and resided together at petitioner's residence . . . until sometime in June, 2016 when petitioner was approximately six (6) weeks pregnant and the parties separated.
>
> 6. The petitioner and respondent reconciled and began living together for approximately two (2) months after

the birth of the minor child and resided together at petitioner's residence until sometime in May or June, 2016 when the parties separated.

7. The Court finds that from the separation in May or June, 2016 through November, 2017, that it was the petitioner who was encouraging respondent to develop a relationship with the minor child, despite respondent's testimony to the contrary.

8. The Court finds that respondent has no bond with the minor child nor has he made significant effort to establish a relationship or bond by his actions including initiating a visitation proceeding.

9. That respondent has provided some financial support during the relevant six (6) month period through involuntary wage withholding from November 26, 2018 through the filing of the petition. This was not the court-ordered amount of $465.00/month.

10. The Court finds by clear, cogent and convincing evidence, that grounds exist for termination of parental rights pursuant to G.S. 7B-1111(a)(7) in that the Respondent has willfully abandoned the minor child for at least six (6) consecutive months immediately preceding the filing of this Petition.

Respondent argues the trial court's factual findings are insufficient to establish willful abandonment. More specifically, respondent contends the trial court made inadequate findings regarding his conduct during the determinative period under N.C.G.S. § 7B-1111(a)(7).

A trial court may terminate a parent's parental rights when "[t]he parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition." N.C.G.S. § 7B-1111(a)(7) (2019). "Abandonment

implies conduct on the part of the parent which manifests a willful determination to forego all parental duties and relinquish all parental claims to the child." *In re Young*, 346 N.C. 244, 251, 485 S.E.2d 612, 617 (1997) (quoting *In re Adoption of Searle*, 82 N.C. App. 273, 275, 346 S.E.2d 511, 514 (1986)). "[I]f a parent withholds his presence, his love, his care, the opportunity to display filial affection, and wil[l]fully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child." *Pratt v. Bishop*, 257 N.C. 486, 501, 126 S.E.2d 597, 608 (1962). "Whether a biological parent has a willful intent to abandon his child is a question of fact to be determined from the evidence." *In re B.C.B.*, 374 N.C. 32, 35, 839 S.E.2d 748, 752 (2020) (quoting *In re Adoption of Searle,* 82 N.C. App. at 276, 346 S.E.2d at 514). "[A]lthough the trial court may consider a parent's conduct outside the six-month window in evaluating a parent's credibility and intentions, the 'determinative' period for adjudicating willful abandonment is the six consecutive months preceding the filing of the petition." *In re N.D.A.*, 373 N.C. 71, 77, 833 S.E.2d 768, 773 (2019) (quoting *In re D.E.M.*, 257 N.C. App. 618, 619, 810 S.E.2d 375, 378 (2018)). Here, the determinative six-month period was from September 8, 2018 to March 8, 2019.

¶ 9 Upon review, the trial court's sparse findings in the adjudicatory stage are insufficient as they do not address respondent's behavior within the relevant six-month period. Apart from the trial court's ultimate determination in finding of fact ten that "the Respondent has willfully abandoned the minor child for at least six (6)

consecutive months immediately preceding the filing of this Petition[,]" only finding of fact nine references the relevant period. Finding of fact nine notes that respondent provided financial support solely through involuntary wage withholding during the "relevant six (6) month period" but nevertheless fails to address the amount withheld or any other attendant circumstances.

¶ 10 Although the trial court's generalized finding of fact eight arguably addresses the relevant period, the finding does not address any specific conduct by respondent during the relevant period. Instead, the trial court generally states respondent has not "made significant effort to establish a relationship or bond" with Keith. The trial court's order fails to provide sufficient evidentiary findings concerning respondent's acts or omissions for the six months immediately preceding the filing of the petition for this Court to conclude that grounds existed to terminate respondent's parental rights due to willful abandonment. *In re K.C.T.*, 375 N.C. 592, 601, 850 S.E.2d 330, 337 (2020) ("[T]he trial court must make adequate evidentiary findings to support its ultimate finding as to whether willful intent exists.").

¶ 11 We note that evidence was presented during the adjudicatory stage of the termination hearing from which the trial court could have made additional findings of fact that might support a conclusion that grounds existed to terminate respondent's parental rights based on willful abandonment. However, the trial court distinguished its findings of fact in the adjudicatory portion of its order from its findings of fact in

the dispositional portion. Indeed, the trial court made such additional findings in the dispositional portion of the termination order. Because the trial court only moves to the dispositional stage if it adjudicates one or more grounds for termination during the adjudicatory stage, *see In re Z.A.M.*, 374 N.C. at 94, 839 S.E.2d at 797, and because there are different evidentiary standards and burdens in the two stages, *see* N.C.G.S. §§ 7B-1109(f), -1110(a), we do not consider the trial court's findings of fact that are clearly labeled as dispositional findings to support the adjudication of grounds to terminate respondent's parental rights.

Thus, because the trial court failed to make proper findings on adjudication, we vacate the trial court's order terminating respondent's parental rights based on willful abandonment under N.C.G.S. § 7B-1111(a)(7) and remand the matter for further factual findings on this ground. *See In re K.N.*, 373 N.C. 274, 284, 837 S.E.2d 861, 869 (2020) (finding that although the record contained additional evidence to support termination, the trial court's adjudicatory findings were insufficient, and remand was necessary).

VACATED AND REMANDED.