IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-109

 No. 500A20

 Filed 24 September 2021

 IN THE MATTER OF: K.J.E.

 Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 25

 September 2020 by Judge Frederick B. Wilkins Jr. in District Court, Alamance

 County. This matter was calendared for argument in the Supreme Court on 19

 August 2021 but determined on the record and briefs without oral argument pursuant

 to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

 No brief for petitioner-appellee.

 No brief for appellee Guardian ad Litem.

 Sean P. Vitrano for respondent-appellant father.

 BERGER, Justice.

¶1 Respondent appeals from an order terminating his parental rights in K.J.E.

 (Keith).1 We vacate the termination order and remand the matter to the trial court.

 I. Background

¶2 Keith’s mother (petitioner) initiated this action to terminate respondent’s

 parental rights in District Court, Alamance County on March 8, 2019. The petition

 asserted that grounds existed to terminate respondent’s parental rights based on the

 1 A pseudonym is used to protect the identity of the juvenile and for ease of reading.
 IN RE K.J.E.

 2021-NCSC-109

 Opinion of the Court

 failure of respondent to provide substantial financial support or consistent care for

 Keith pursuant to N.C.G.S. § 7B-1111(a)(5) and willful abandonment pursuant to

 N.C.G.S. § 7B-1111(a)(7). Respondent filed an answer opposing the termination of

 his parental rights on April 18, 2019.

¶3 Evidence presented in the petition tended to show that respondent was under

 a monthly child support obligation of $475 and was $9,599.88 in arrears at the time

 the petition was filed. In addition, respondent failed to make any effort to have

 contact with Keith since Keith’s birth. The only contact between respondent and

 Keith occurred as a result of petitioner’s efforts. Respondent’s last contact with Keith

 occurred in June 2017. Petitioner further alleged that respondent never

 communicated with Keith, nor had respondent acknowledged the child’s birthday by

 calling or sending a card or gift. Further, respondent never sent a gift to Keith or

 otherwise communicated with the child at Christmas.

¶4 A termination hearing was held on September 16, 2020. Prior to the hearing,

 the trial court granted respondent’s motion to dismiss N.C.G.S. § 7B-1111(a)(5) as a

 ground for termination because respondent submitted to genetic testing which

 determined that he was Keith’s father, and the child’s birth certificate had been

 amended to recognize respondent as the father. The hearing proceeded solely on

 petitioner’s willful abandonment claim. On September 25, 2020, the trial court

 entered an order terminating respondent’s parental rights based on willful
 IN RE K.J.E.

 2021-NCSC-109

 Opinion of the Court

 abandonment. Respondent appeals.

 II. Analysis

¶5 “Our Juvenile Code provides for a two-step process for termination of parental

 rights proceedings consisting of an adjudicatory stage and a dispositional stage.” In re

 Z.A.M., 374 N.C. 88, 94, 839 S.E.2d 792, 796–97 (2020) (citing N.C.G.S. §§ 7B-1109,

 1110 (2019)). “At the adjudicatory stage, the petitioner bears the burden of proving

 by ‘clear, cogent, and convincing evidence’ the existence of one or more grounds for

 termination under section 7B-1111(a) of the General Statutes.” In re A.U.D., 373 N.C.

 3, 5–6, 832 S.E.2d 698, 700 (2019) (quoting N.C.G.S. § 7B-1109(f) (2019)). “We review

 a trial court’s adjudication under N.C.G.S. § 7B-1109 to determine whether the

 findings are supported by clear, cogent and convincing evidence and the findings

 support the conclusions of law. The trial court’s conclusions of law are reviewable de

 novo on appeal.” In re C.B.C., 373 N.C. 16, 19, 832 S.E.2d 692, 695 (2019) (cleaned

 up).

¶6 Here, the trial court concluded that grounds existed to terminate respondent’s

 parental rights for willful abandonment based on the following findings of fact:

 5. Petitioner and respondent began a relationship
 sometime in 2015 and resided together at petitioner’s
 residence . . . until sometime in June, 2016 when
 petitioner was approximately six (6) weeks pregnant
 and the parties separated.

 6. The petitioner and respondent reconciled and began
 living together for approximately two (2) months after
 IN RE K.J.E.

 2021-NCSC-109

 Opinion of the Court

 the birth of the minor child and resided together at
 petitioner’s residence until sometime in May or June,
 2016 when the parties separated.

 7. The Court finds that from the separation in May or
 June, 2016 through November, 2017, that it was the
 petitioner who was encouraging respondent to develop
 a relationship with the minor child, despite
 respondent’s testimony to the contrary.

 8. The Court finds that respondent has no bond with the
 minor child nor has he made significant effort to
 establish a relationship or bond by his actions including
 initiating a visitation proceeding.

 9. That respondent has provided some financial support
 during the relevant six (6) month period through
 involuntary wage withholding from November 26, 2018
 through the filing of the petition. This was not the court-
 ordered amount of $465.00/month.

 10. The Court finds by clear, cogent and convincing
 evidence, that grounds exist for termination of parental
 rights pursuant to G.S. 7B-1111(a)(7) in that the
 Respondent has willfully abandoned the minor child for
 at least six (6) consecutive months immediately
 preceding the filing of this Petition.

¶7 Respondent argues the trial court’s factual findings are insufficient to establish

 willful abandonment. More specifically, respondent contends the trial court made

 inadequate findings regarding his conduct during the determinative period under

 N.C.G.S. § 7B-1111(a)(7).

¶8 A trial court may terminate a parent’s parental rights when “[t]he parent has

 willfully abandoned the juvenile for at least six consecutive months immediately

 preceding the filing of the petition.” N.C.G.S. § 7B-1111(a)(7) (2019). “Abandonment
 IN RE K.J.E.

 2021-NCSC-109

 Opinion of the Court

 implies conduct on the part of the parent which manifests a willful determination to

 forego all parental duties and relinquish all parental claims to the child.” In re Young,

 346 N.C. 244, 251, 485 S.E.2d 612, 617 (1997) (quoting In re Adoption of Searle, 82

 N.C. App. 273, 275, 346 S.E.2d 511, 514 (1986)). “[I]f a parent withholds his presence,

 his love, his care, the opportunity to display filial affection, and wil[l]fully neglects to

 lend support and maintenance, such parent relinquishes all parental claims and

 abandons the child.” Pratt v. Bishop, 257 N.C. 486, 501, 126 S.E.2d 597, 608 (1962).

 “Whether a biological parent has a willful intent to abandon his child is a question of

 fact to be determined from the evidence.” In re B.C.B., 374 N.C. 32, 35, 839 S.E.2d

 748, 752 (2020) (quoting In re Adoption of Searle, 82 N.C. App. at 276, 346 S.E.2d at

 514). “[A]lthough the trial court may consider a parent’s conduct outside the six-

 month window in evaluating a parent’s credibility and intentions, the ‘determinative’

 period for adjudicating willful abandonment is the six consecutive months preceding

 the filing of the petition.” In re N.D.A., 373 N.C. 71, 77, 833 S.E.2d 768, 773 (2019)

 (quoting In re D.E.M., 257 N.C. App. 618, 619, 810 S.E.2d 375, 378 (2018)). Here, the

 determinative six-month period was from September 8, 2018 to March 8, 2019.

¶9 Upon review, the trial court’s sparse findings in the adjudicatory stage are

 insufficient as they do not address respondent’s behavior within the relevant six-

 month period. Apart from the trial court’s ultimate determination in finding of fact

 ten that “the Respondent has willfully abandoned the minor child for at least six (6)
 IN RE K.J.E.

 2021-NCSC-109

 Opinion of the Court

 consecutive months immediately preceding the filing of this Petition[,]” only finding

 of fact nine references the relevant period. Finding of fact nine notes that respondent

 provided financial support solely through involuntary wage withholding during the

 “relevant six (6) month period” but nevertheless fails to address the amount withheld

 or any other attendant circumstances.

¶ 10 Although the trial court’s generalized finding of fact eight arguably addresses

 the relevant period, the finding does not address any specific conduct by respondent

 during the relevant period. Instead, the trial court generally states respondent has

 not “made significant effort to establish a relationship or bond” with Keith. The trial

 court’s order fails to provide sufficient evidentiary findings concerning respondent’s

 acts or omissions for the six months immediately preceding the filing of the petition

 for this Court to conclude that grounds existed to terminate respondent’s parental

 rights due to willful abandonment. In re K.C.T., 375 N.C. 592, 601, 850 S.E.2d 330,

 337 (2020) (“[T]he trial court must make adequate evidentiary findings to support its

 ultimate finding as to whether willful intent exists.”).

¶ 11 We note that evidence was presented during the adjudicatory stage of the

 termination hearing from which the trial court could have made additional findings

 of fact that might support a conclusion that grounds existed to terminate respondent’s

 parental rights based on willful abandonment. However, the trial court distinguished

 its findings of fact in the adjudicatory portion of its order from its findings of fact in
 IN RE K.J.E.

 2021-NCSC-109

 Opinion of the Court

 the dispositional portion. Indeed, the trial court made such additional findings in the

 dispositional portion of the termination order. Because the trial court only moves to

 the dispositional stage if it adjudicates one or more grounds for termination during

 the adjudicatory stage, see In re Z.A.M., 374 N.C. at 94, 839 S.E.2d at 797, and

 because there are different evidentiary standards and burdens in the two stages, see

 N.C.G.S. §§ 7B-1109(f), -1110(a), we do not consider the trial court’s findings of fact

 that are clearly labeled as dispositional findings to support the adjudication of

 grounds to terminate respondent’s parental rights.

¶ 12 Thus, because the trial court failed to make proper findings on adjudication,

 we vacate the trial court’s order terminating respondent’s parental rights based on

 willful abandonment under N.C.G.S. § 7B-1111(a)(7) and remand the matter for

 further factual findings on this ground. See In re K.N., 373 N.C. 274, 284, 837 S.E.2d

 861, 869 (2020) (finding that although the record contained additional evidence to

 support termination, the trial court’s adjudicatory findings were insufficient, and

 remand was necessary).

 VACATED AND REMANDED.